RUSTAM A. BARBEE #5655
Attorney at Law
1188 Bishop St., Suite 2606
Honolulu, Hawaii 96813
Telephone: (808) 524-4406
Facsimile: (808) 524-4306
Email: Rustam@HonoluluAttorney.com

Attorney for Defendant
REBECCA KAMAKAWIWOOLE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 02-00287-01 SOM |
| Plaintiff, | ) MEMORANDUM OF LAW IN SUPPORT OF MOTION |
| vs. | ) |
| REBECCA KAMAKAWIWOOLE, | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**

## I. Introduction

On February 14, 2005, Rebecca Kamakawiwoole was sentenced to 121-months of imprisonment and 5 years of supervised release for the offenses of Conspiracy to possess with intent to distribute in excess of 50 grams of cocaine

base (Count 1) and five counts of Possession with intent to distribute in excess of 5 grams of cocaine base (Counts 2-6).

This sentence was imposed under the sentencing guidelines before the Ninth Circuit's decision in United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) and the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), with an original base offense level computed under § 2D1.1 of the sentencing guidelines for crack cocaine. The total offense level under the guidelines in effect at the time was level 31. Combined with a criminal history category IV, the guideline range was 151-188 months imprisonment. However, due to Kamakawiwoole's cooperation with and substantial assistance to the authorities, the prosecution filed a Motion for Downward Departure in Sentencing which detailed the defendant's assistance and recommended a 2-level sentence departure to level 29 which carried a guideline imprisonment range of 121-151 months. The government's Motion recommended a sentence at the low end of the guidelines or 121 months. Thus, the Motion asked the Court to depart 30-months from the low end of offense level 31 to the low end of level 29. (See Government's Motion for Downward Departure, filed February 14, 2005, pp. 2-3]. Accepting the arguments advanced by the government, this Court granted a sentence departure to 121-months imprisonment.

Subsequent to Kamakawiwoole's sentencing, on November 1, 2007, an amendment to § 2D1.1 of the guidelines took effect, which, generally, reduces base offense levels for most quantities of crack cocaine by 2-levels and, specifically, reduces the base offense level in Kamakawiwoole's case by 2-levels, to level 29. See U.S.S.G. § 2 D1.1. This amendment was adopted in response to studies which raised grave doubts about the fairness and rationale of the 100-to-1 crack/powder ratio incorporated into the sentencing guidelines. See generally United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy (May 2007) (hereinafter "2007 Sentencing Commission Report"); United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy (May 2002); United States Sentencing Commission, Special Report to Congress: Cocaine and Federal Sentencing Policy (April 1997); United States Sentencing Commission, Special Report to Congress: Cocaine and Federal Sentencing Policy (Feb.1995). See also Kimbrough v. United States, 128 S. Ct. 558, 568-69 (2007) (discussing history of crack cocaine guideline and various Sentencing Commission reports). Yet the amendment is only a partial response, as the Sentencing Commission itself recognized. The Commission explained:

> The Commission, however, views the amendment only as a partial remedy to some of the problems associated with the 100-to-1 drug quantity ratio. It is neither a permanent nor a complete solution to these problems. Any comprehensive solution requires appropriate legislative action by Congress. It is the Commission's firm desire that this report will facilitate prompt congressional action addressing the 100-to-1 drug quantity ratio.

2007 Sentencing Commission Report, supra, at p. 10.

Subsequent to the effective date of this amendment to § 2D1.1, the Sentencing Commission considered whether to make the amendment retroactive under the authority created by 18 U.S.C. § 3582©)(2). It took that action on December 11, 2007 by including this amendment in the list of retroactive amendments in §1B1.10 of the guidelines. See 73 Fed. Reg. 217-01 (2008). Based on this retroactivity, the statutory authority underlying it, and the Supreme Court's decisions in United States v. Booker, 543 U.S. 220 (2005); Rita v. United States, 127 S. Ct. 2456 (2007); Gall v. United States, 128 S. Ct. 586 (2007); and Kimbrough v. United States, supra, KAMAKAWIWOOLE brought the instant Motion for Reduction in her Term of Imprisonment.

KAMAKAWIWOOLE submits herein that the Court should reduce her sentence, at least to 100-months imprisonment, the low end of level 27 or

alternatively to 91 months imprisonment which is 30-months below her present sentence of 121-months.[1]

## II. Argument

### A. KAMAKAWIWOOLE'S OFFENSE LEVEL SHOULD BE REDUCED FROM 29 TO 27, AND THE GUIDELINE RANGE REDUCED FROM 121-151 MONTHS TO 100-125 MONTHS BASED ON THE AMENDMENT TO § 2D1.1.

18. U.S.C. § 3582©)(2) provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 is the guideline policy statement which implements 18 U.S.C. § 3582©)(2). Subsection ©) of the policy statement lists amendments that are covered by the policy statement. And one of the amendments which is

---

[1]The Court has authority to reduce defendant's sentence below the otherwise statutory minimum term because the government's Motion for Sentence Departure cites 18 U.S.C. sec. 3553 (e) which "breaks" through the mandatory minimum sentence requirement. (See Government's Motion for Downward Departure, filed February 14, 2005, p. 1, citing 18 U.S.C. sec. 3553 (e)].

listed is amendment 711 to the guidelines. [2] That is the amendment which reduced the base offense level for crack cocaine offenses. See U.S.S.G., App. C, § 711. Application of this amendment to the crack cocaine guideline in the present case results in a decrease of the total offense level from 31 to 29, a 2-level decrease which should result in a corresponding 2-level decrease for substantial assistance from level 29 to level 27, which established a range of 100-125 months imprisonment.

**B. THE COURT SHOULD REDUCE KAMAKAWIWOOLE'S SENTENCE TO EITHER 91- MONTHS OR 100-MONTHS IMPRISONMENT.**

Based on the amendment to § 2D1.1, this Court should reduce Kamakawiwoole's sentence. It follows from the discussion in the preceding section that the amendment alone justifies a 2-level reduction of 21- months from 121 to 100- months imprisonment. 100 months imprisonment is not an unsubstantial term.

Since Kamakawiwoole's sentencing, Booker and subsequent Supreme Court cases clarifying it, namely, Rita v. United States, supra; Gall v. United States, supra and Kimbrough v. United States, supra, have created a brave

[2] This amendment is not listed in the November 1, 2007 guidelines Manual because the Sentencing Commission vote making it retroactive was on December 11, 2007. See United States Sentencing commission News Release dated December 11, 2007, available at **http://www.USSG.gov/PRESS/rel121107.htm**. See also 73 Fed. Reg. 217-01 (2008).

new world, in which the guidelines are but one of several factors to be considered under § 3553(a). What the Supreme Court has described as the "overarching provision" in § 3553(a) is the requirement that courts "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." Kimbrough, 128 S. Ct. at 570.

Booker and its progeny apply to the imposition of a new sentence under 18 U.S.C. § 3582( c)(2). The Ninth Circuit considered this question in United States v. Hicks,472 F.3d 1167 (9th Cir. 2007) and stated succinctly, that "Booker applies to § 3582© )(2) proceedings." Hicks, 472 F.3d. at 1169. As the court explained in more depth:

> Booker explicitly stated that, "as by now should be clear, [a] mandatory system is no longer an open choice." Although the Court acknowledged that Congress had intended to create a mandatory guideline system, Booker stressed that this was not an option:"[W]e repeat, given today's constitutional holding, [a mandatory Guideline regime] is not a choice that remains open [W]e have concluded that today's holding is fundamentally inconsistent with the judge-based sentencing system that Congress enacted into law." The Court never qualified this statement, and never suggested, explicitly or implicitly, that the mandatory guideline regime survived in any context.
>
> In fact, the Court emphasized that the guidelines could not be construed as mandatory

> in one context and advisory in another. When the government Suggested, in Booker, that the Guidelines be considered advisory in certain, constitutionally—compelled cases, but mandatory in others, the Court quickly dismissed this notion, state, "we do not see how it is possible to leave the Guidelines as binding in other cases. . . . [W]e believe that Congress would not have authorized a mandatory system in some cases and a non-mandatory system in others, given the administrative complexities that such a system would create." In short, Booker expressly rejected the idea that the Guidelines might be advisory in certain contexts, but not in others, and Congress has done nothing to undermine this conclusion. Because the "mandatory system is no longer an open choice," district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582 ( c)(2).

Hicks, 472 F.3d at 1170 (citations omitted).

Here, there are a number of non-guidelines factors that could justify a sentence below even the new guideline range and almost certainly at the extreme low end of the new range. Sentencing Courts may still give consideration to the remaining questionable provenance of the crack/powder ratio which was expressly recognized by the Supreme Court in Kimbrough, supra, as a ground for not following the guidelines. As the Government itself acknowledged in Kimbrough, "the Guidelines 'are now advisory' and . . . , as a general matter, 'courts may vary

[from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines.'" Kimbrough, 128 S. Ct. at 570 (quoting Brief for United State 16). While the government then tried to distinguish policy disagreement with the 100-to-1 crack/powder ratio from other policy disagreements, the Supreme Court squarely rejected that argument. See Kimbrough, 128 S. Ct. at 570-74.

Indeed, the Court suggested that policy disagreement in this area was even more defensible than in other areas. It noted that "in the ordinary case, the Commission's recommendation of a sentence will 'reflect a rough approximation of sentences that might achieve § 3553 (a)'s objectives,' id. at 574 (quoting Rita, 127 S. Ct. at 2465), and so "closer review may be in order when the sentencing judge varies from the Guidelines, based solely on the judge's view that the Guidelines range 'fails properly to reflect § 3553(a) considerations' even in a mine-run case." Kimbrough, 128 S. Ct. at 575. The Court then explained that this was not the case with the crack cocaine guidelines, however:

> The crack cocaine Guidelines, however, present no occasion for elaborative discussion of this matter because those Guidelines do not exemplify the Commission's exercise of its characteristic institutional role. In formulating Guidelines ranges for crack cocaine offenses, as we earlier noted, the Commission looked to the

> mandatory minimum sentences set in the 1986 Act, and did not take account of "empirical data and national experience." Indeed, the Commission itself has reported that the crack/powder disparity produces disproportionately harsh sanctions, i.e., **sentences for crack cocaine offenses "greater than the necessary" in light of the purposes of sentencing set forth in § 3553 (a)**. Given all this, it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence "greater than necessary" to achieve § 3553(a)'s purposes, even in mine-run case.

Kimbrough, 128 S. Ct. at 574 (emphasis added) (citations omitted).

These concerns are only partially assuaged by the recent amendment reducing crack cocaine offense levels. This fact also was clearly recognized by the Supreme court in Kimbrough:

> This modest amendment yields sentences for crack offenses between two and five times longer than sentences for equal amounts of powder. (Citation and footnote omitted.) Describing the amendment as "only. . .a partial remedy" for the problems generated by the crack/powder disparity, the Commission noted that "[a]ny comprehensive solution requires appropriate legislative action by Congress."

Kimbrough, 128 S. Ct. at 569 (quoting 2007 Sentencing Commission Report, supra, pp.3-4 at 10).

Kimbrough's rationale for varying from the crack guidelines therefore remains a legitimate concern even after the new guideline is applied. The fact remains that had KAMAKAWIWOOLE been convicted and sentenced for possessing cocaine powder her guideline sentence range would have been far below even a total offense level 27. Thus, a sentence of 100-months imprisonment, at the low end of the new guideline range is wholly justified.

Alternatively, since the government requested and the Court previously granted a 30-month guideline sentence departure in Kamakawiwoole's case for her substantial assistance, a corresponding 30-month departure would be wholly justified here, from a sentence of 121-months to 91-months.

U.S.S.G. § 1B1.10(a) issued December 11, 2007 contains an application note which directs the court to "consider the nature and seriousness of the danger to any persons or the community that may be posed by a reduction in the defendant's term of imprisonment." App. Note 1 (B)(ii), § 1B1.10(a) . Defendant KAMAKAWIWOOLE does not pose any risk to the safety of others or the public. Neither during the prosecution of this offense, nor during the enforcement of the sentence, has any individual made allegations that

KAMAKAWIWOOLE posed a risk to the safety of the public. Therefore, this Court should find that no serious risk of danger is presented by a reduction of Kamakawiwoole's sentence.

U.S.S.G. § 1B1.10(a) application note 1(B)(iii) notes that the district court, in applying a guideline amendment sentence reduction, may "consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." Here, KAMAKAWIWOOLE clearly shows that she has been rehabilitated. Throughout the entire period of her incarceration KAMAKAWIWOOLE has worked hard to better herself and assist her fellow inmates in doing the same.

Defendant's offense dates back 6 plus years to 2002. She has done the best she can to redeem her life during the many months of incarceration she has served. Her post-sentencing conduct has been good and militates in favor of the Court granting a significant reduction in her term of imprisonment.

At the present time, the defendant has served over 5 and one-half (5-1/2) years of her sentence. She has accepted responsibility for her offenses, served a substantial amount of her sentence of imprisonment and is ready to complete any term of months remaining and reunite with her family in the community.

## III. Conclusion

For all the above-stated reasons and in the interests of justice, the defendant respectfully requests that the Court apply a 2-level reduction to the offense level and sentence the defendant either at the low end of the new guideline range to 100-months imprisonment or to a term of 91-months which would correspond to the 30-month reduction given at defendant's initial sentencing hearing for her substantial assistance.

DATED: Honolulu, Hawaii, September 9, 2008.

RUSTAM A. BARBEE
Attorney for Defendant
REBECCA KAMAKAWIWOOLE